UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERICK A. HICKS,

    Petitioner,

vs.                                                           Case No. 8:12-CV-21-T-27TGW
                                                                 Crim Case No. 8:02-CR-275-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion for Release on Bond and Response in Opposition to the Government's Extention [sic] of Time (CV Dkt. 25) in which Petitioner requests "release on bond pending the court's decision on the merits of his claims." (Id. at p. 1).

While a district court has authority to enter orders affecting the custody of a habeas petitioner contesting the legality of his conviction, a petitioner who has had a full trial and opportunity to appeal stands in a different posture than a defendant who has not had those opportunities. *Wilcox v. Ford*, 813 F.2d 1141, 1151 (11th Cir. 1987), *cert. denied*, 484 U.S. 925 (1987). A habeas petitioner is entitled to bond only when a substantial constitutional claim has been raised on which there is a high probability of success, and when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Gomez v. United States*, 899 F.2d 1124, 1125 (11th

Cir. Fla. 1990).

Petitioner has not demonstrated a high probability of success on his claim. He contends that he was sentenced improperly as a career offender because one of the two predicate offenses used to support his career offender enhancement, carrying a concealed firearm, no longer qualifies as a crime of violence under § 4B1.1(a), United States Sentencing Guidelines.[1] Petitioner, however, did not appeal his sentence. Therefore, his claim is procedurally defaulted. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (a claim is procedurally defaulted, such that a defendant cannot raise it in a collateral proceeding, when he could have raised an issue on direct appeal but did not do so); *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) (determining that legal innocence of a sentencing enhancement, based on the conclusion that one predicate conviction no longer constituted a crime of violence, was not sufficient to overcome the procedural bar for claims not raised on direct appeal).

Moreover, even if the claim is not procedurally defaulted, it is time-barred.[2] The Judgment

---

[1] U.S. S.G. § 4B1.1 provides that a defendant convicted of a crime of violence or a controlled substance offense and who has two prior convictions for such offenses is a career offender.

[2] The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

in Petitioner's criminal case was entered on February 3, 2003 (CR Dkt. 34). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under 28 U.S.C. § 2255(f)(1) ten business days later on February 14, 2003, when the time for filing an appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999). Petitioner therefore had one year from that date, February 14, 2004, to file a 2255 motion. To date, he has not filed a Section 2255 motion. Even liberally construing Petitioner's § 2241 habeas petition (see CV Dkt. 1) as a Section 2255 motion, Petitioner did not file the motion until September 7, 2010 (Id.), more than six years after the limitation period expired. Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

The motion is likewise untimely under Section 2255(f)(3) because it was not filed within one year of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), the decision initially recognizing the substantive rule Petitioner asserts (that his prior felony conviction for carrying a concealed firearm does not qualify as a predicate "crime of violence" for the career offender enhancement).

To the extent Petitioner contends that his "actual innocence" of the career offender enhancement excuses his procedural default and untimely motion (see CV Dkt. 1), his contention is without merit. Petitioner does not contend that he is factually innocent of the underlying offense of carrying a concealed weapon. Rather, he argues that the underlying conviction is legally insufficient to constitute a "crime of violence." (Id.). Therefore, the actual innocence exception does not apply to Petitioner's claim. *See McKay*, 657 F.3d at 1199 (procedural default not excused by

---

28 U.S.C. § 2255(f).

claim of legal innocence of sentence as a career offender).

Accordingly, Petitioner's Motion for Release on Bond and Response in Opposition to the Government's Extention [sic] of Time (CV Dkt. 25) is **DENIED**.[3]

**DONE AND ORDERED** in Tampa, Florida, this ___19th___ day of September, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*

---

[3]Petitioner is cautioned that if he files a Section 2255 motion, he must show cause why the motion should not be dismissed as being barred by the one-year limitation period, and establish cause for the procedural default of his claim.

4